# CIVIL COVER SHEET

JS-44 (Rev. 6/17 DC)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| MIDDLE EAST FORUM<br>1500 Walnut Street, Suite 1050<br>Philadelphia, PA 19102 | US DEPARTMENT OF STATE<br>201 Center Street, NW<br>Washington, D.C. 20520 |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __DC__<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Clifford V. Smith<br>1235 Newton St. NE<br>Washington DC 20017 | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
● 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place an X in one category, A-N, that best represents your Cause of Action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**Other Statutes**
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 27 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Conditions
☐ 560 Civil Detainee – Conditions of Confinement

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 835 Patent – Abbreviated New Drug Application
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**Other Statutes**
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729(a))
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 462 Naturalization Application
☐ 465 Other Immigration Actions
☐ 470 Racketeer Influenced & Corrupt Organization
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 850 Securities/Commodities/Exchange
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ● I. *FOIA/Privacy Act* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus – General<br>☐ 510 Motion/Vacate Sentence<br>☐ 463 Habeas Corpus – Alien Detainee | ☐ 442 Civil Rights – Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loan (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 740 Labor Railway Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 440 Other Civil Rights<br>☐ 445 Americans w/Disabilities – Employment<br>☐ 446 Americans w/Disabilities – Other<br>☐ 448 Education | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights – Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi-district Litigation  ○ 7 Appeal to District Judge from Mag. Judge  ○ 8 Multi-district Litigation – Direct File

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

| VII. REQUESTED IN COMPLAINT | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $<br>JURY DEMAND: | Check YES only if demanded in complaint<br>YES ☐  NO ☐ |
|---|---|---|---|
| VIII. RELATED CASE(S) IF ANY | (See instruction) | YES ☐  NO ☐ | If yes, please complete related case form |
| DATE: 1/2/2019 | SIGNATURE OF ATTORNEY OF RECORD | | |

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
**Authority for Civil Cover Sheet**

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and services of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the cover sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff if resident of Washington, DC, 88888 if plaintiff is resident of United States but not Washington, DC, and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of the case.

VI. CAUSE OF ACTION: Cite the U.S. Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASE(S), IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Middle East Forum )
_Plaintiff_ )
)
v. ) Civil Action No.
U.S. Department of State )
)
_Defendant_ )

### SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_ US DEPARTMENT OF STATE
201 Center Street, NW
Washington, D.C. 20520

A lawsuit has been filed against you.

Within 30 days after service of this summons on you (not counting the day you received it) you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Clifford V. Smith
1235 Newton St. NE
Washington DC 20017

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_ANGELA D. CAESAR, CLERK OF COURT_

Date: _____    _____
_Signature of Clerk or Deputy Clerk_

Civil Action No. _____

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____
_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MIDDLE EAST FORUM**<br>**1500 Walnut Street, Suite 1050**<br>**Philadelphia, PA 19102**<br><br>**Plaintiff,**<br><br>v.<br><br>**US DEPARTMENT OF**<br>**STATE**<br>**201 Center Street, NW**<br>**Washington, D.C. 20520**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff MIDDLE EAST FORUM ("MEF") for its complaint against Defendant US DEPARTMENT OF STATE ("the Agency" or "State"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel production of records in response to a FOIA request to USAID submitted August 25, 2017.

2. State has improperly denied the request by failing to provide an initial determination in accordance with *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

3. Plaintiff requested fee waivers for the request, as provided by FOIA, due to the public interest in the information the records address and, expressly in the alternative, the media and educational status of the requester.

4. Plaintiff expressly noted the search terms and probable locations of the records it was seeking as well as describing the significant public interest in these records.

4. State has not given plaintiff any estimate the volume of records responsive to the request, nor a date by which responsive records would be produced, nor has it responded to plaintiff's request for a fee waiver.

5. State therefore has failed to properly respond to plaintiff's request.

6. Accordingly, plaintiff files this lawsuit to compel the USAID to comply with the law and produce the properly described public records in these FOIA requests.

## PARTIES

7. Plaintiff Middle East Forum ("MEF") has been and independent tax exempt 501(c) (3) nonprofit organization based in Philadelphia since 1994. MEF promotes American interests in the Middle East and protects Western values from Middle Eastern threats. The Forum sees the region - with its profusion of dictatorships, radical ideologies, existential conflicts, border disagreements, corruption, political violence, and weapons of mass destruction- as a major source of problems for the Unites States. Accordingly, MEF urges bold measures to protect Americans and their allies. In the Middle East MEF focuses on ways to defeat radical Islam; work for Palestinian acceptance of Israel; develop strategies to contain Iran; and deal with the great advances of anarchy. At home MEF emphasizes the dangers of Islamism; protects the freedoms of anti-Islamist authors, and publishers; and works to improve Middle East studies.

8. Defendant US Department of the State ("State") is a federal agency headquartered in Washington, DC.

## JURISDICTION AND VENUE

10. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this is brought in the District of Columbia, and because the defendant maintains offices in the District of Columbia. Furthermore, jurisdiction is proper under 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

11. Venue in this court is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because FOIA grants the District Court of the District of Columbia jurisdiction, and because defendant is a federal agency.

## FACTUAL BACKGROUND

12. On July 12, 2018 plaintiff submitted a FOIA requests to USAID, seeking memos communications and other documents concerning a grant given to World Vision Inc.

13. Plaintiff specified that the award ID was AID-OFDA-G-14-00023-001 and that the request sough information concerning the sub-grantee Islamic Relief Agency based in Khartoum, Sudan.

14. Plaintiff further explained that they specifically sought *"requester seeks any document, or series of documents, authorizing a one-time sub grant of $125,000 to ISRA, believed by requesters to have been made in May of 2015, most likely by the Office of Threat Finance Countermeasures, or potentially others in the Bureau of Economic and Business Affairs."*

15. Plaintiff provided a specific description of the documents assist the agency in locating records, and noted the types of records it was seeking, specifically *"relevant authorizing forms, memos, communications (including, but not limited to, emails, memos, meeting notes, letters, phone records, or similar materials),"* related to USAID grant AID-

OFDA-G-14-00023-001, and the subsequent OFAC license granted to World Vision to pay designated charity ISRA.

16. Plaintiff also noted that the documents being sought were most likely located in the Office of Threat Finance Countermeasures, or potentially other offices in the Bureau of Economic and Business Affairs.

### Defendant's Reply and Subsequent Proceedings

17. On September 14, 2018, State sent plaintiff an acknowledgment letter via mail to the Middle East Forum's headquarters in Philadelphia, Pennsylvania rather than by electronic mail. This letter indicated that the State's Office of Information Programs and Services received the FOIA request on July 27, 2018. No reason was given for the unusual two-week delay in the appropriate office receiving the FOIA (which was sent from a post office inside Washington D.C. to State's offices in Washington D.C.), nor was there any reason given for the nearly two-month long delay in providing any kind of response, well outside the 20-day window allowed by the FOIA statute.

18. State's letter of September 14, 2018 also did not claim extraordinary circumstances as would have been allowed under statute to give State an additional 10 days to respond. But even if it had, the letter was well outside the then-allowable 30-days to respond.

19. State's letter September 14, 2018 claimed that State had adopted a "first in, first out," method of responding to requests. The letter did not give a determination, nor did it provide an estimated date by which a determination would be reached. The letter was signed by Eric F. Stein, Director of the Office of Information Programs and Services.

20. State's letter of September 14, 2018 failed to address any of the Middle East Forum's multiple requests for a fee-waiver as being in the public interest, or, alternatively, as being a media organization or, alternatively, as an educational institution.
21. State's letter of September 14, 2018 assigned the request number F-2018-05935 to plaintiff's request.
22. There has been no further attempts by State to contact the plaintiff or provide plaintiff with any substantive response to his request in the intervening months.
23. State has failed to provide a schedule of production, or otherwise comply with FOIA's requirements "within 20 working days of receiving the request, or within 30 working days in 'unusual circumstances.'" *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).
24. By failing to respond to plaintiff's request in the required time in violation of statutory deadlines, defendant has also waived any ability to now seek fees.
25. Plaintiff has constructively and actually exhausted the administrative process as regards this request, because of State's failure to abide by FOIA's statutory deadlines, or even to negotiate with plaintiff for a later date by which State might meet FOIA's requirements.

## **ARGUMENTS**

24. Transparency in government is the subject of high-profile executive branch promises arguing forcefully against agencies failing to live up to their legal record-keeping and disclosure obligations.
25. Under the Freedom of Information Act, after an individual submits a request, an agency must determine within 20 working days after the receipt of any such request whether to

comply with such request, or 30 days under "unusual circumstances," which State has claimed 5 U.S.C.S. § 552(a)(6)(A)(i) & § 552 (a)(6)(B)(i). Under *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 186 (D.C. Cir. 2013), that response must provide particularized assurance of the scope of potentially responsive records, including the scope of the records it plans to produce and the scope of documents that it plans to withhold under any FOIA exemptions. This 20-working-day time limit also applies to any appeal. § 552(a) (6)(A)(ii).

26. U.S. Code 5 U.S.C.S. § 552(a)(6)(A) proclaims that the 20-day (or 30-day under "unusual circumstances") time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day (or 30-day) period while it is awaiting such information that it has reasonably requested from the requester, § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. § 552(a)(6)(A)(ii)(II). Neither situation presents itself in this case.

27. In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011) this Court noted: "[The effect of] the 2007 Amendments was to impose consequences on agencies that do not act in good faith or otherwise fail to comport with FOIA's requirements. See S. Rep. No. 110-59. To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees... if the agency fails to comply with a*ny time limit'* of FOIA" (*emphasis added*).

28. Defendant State owes plaintiffs records responsive to the requests at issue in this suit, which request reasonably described the information sought and was otherwise filed in

compliance with applicable law, subject to legitimate withholdings, and has failed to provide responsive records or any substantive response in violation of statutory deadlines.

29. Further, plaintiff notes that defendant has waived fees and/or waived its ability to assess fees under § 552(a)(4)(A)(viii) by failing to substantively respond to plaintiffs within the statutory deadline(s). State, therefore, has waived all fees and must produce the requested documents as required by law.

**FIRST CLAIM FOR RELIEF Seeking Declaratory Judgment**

28. Plaintiff re-alleges paragraphs 1-29 as if fully set out herein.

29. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business, because defendant has failed to substantively respond pursuant to *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

30. Plaintiff asks this Court to enter a judgment declaring that:

    A. State records as specifically described in FOIA request F-2018-05935 is subject to release under FOIA;

    B. State must release those requested records or segregable portions thereof subject to legitimate exemptions;

    C. State may not assess or seek costs and fees for the request at issue in this case, as plaintiffs are entitled to a waiver of their fees.

**SECOND CLAIM FOR RELIEF Seeking Declaratory Judgment**

31. Plaintiff re-alleges paragraphs 1-33 as if fully set out herein.

32. Plaintiff is entitled to injunctive relief compelling defendant to produce all records in its possession responsive to plaintiff's FOIA requests, without fees, subject to legitimate withholdings.

33. Plaintiff asks the Court to order the defendant to produce to plaintiffs, within 30 business days of the date of the order, the requested records described in plaintiffs' FOIA request, subject to legitimate withholdings.

34. Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after plaintiffs receives the last of the produced documents, addressing defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with plaintiffs' challenges to defendant's withholdings and any other remaining issues.

**THIRD CLAIM FOR RELIEF Seeking Costs and Fees**

35. Plaintiff re-alleges paragraphs 1-34 as if fully set out herein.

36. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

37. Plaintiff is statutorily entitled to recover fees and costs incurred as a result of defendant's refusal to fulfill the FOIA request at issue in this case.

38. Plaintiff asks the Court to order the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff request the declaratory and injunctive relief herein sought, and an award for their attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this 2nd day of January, 2019.

By Counsel:

*[signature: Cliff Smith]*

Clifford V. Smith
Washington Project Director - Middle East Forum
csmith@meforum.org, (202) 730-9793
Maryland State Bar # 201106150244